UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RAFAEL RODRIGUEZ, | ) ) ) |
| Petitioner, | ) ) |
| - *against* - | ) ) ) |
| JOSEPH SMITH, Superintendent, Shawangunk Correctional Facility, | ) ) ) |
| Respondent. | ) ) ) |

10 Civ. 8306 (KMK)(LMS)

**REPORT AND
RECOMMENDATION**

**TO:   THE HONORABLE KENNETH M. KARAS,
        UNITED STATES DISTRICT JUDGE**

I.    **Introduction**

Pro se petitioner, Rafael Rodriguez ("Petitioner"), files this petition for a Writ of Habeas Corpus (hereinafter the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction for attempted rape in the first degree (N.Y. Penal Law §§ 110.00, 130.35(1)), two counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65(1)), and two counts of unlawful imprisonment in the second degree (N.Y. Penal Law § 135.05).  See Docket # 3, Petition. County Court, Rockland County (Bartlett, J.), sentenced Petitioner to determinate terms of thirteen years imprisonment and five years postrelease supervision for the attempted rape conviction, five years imprisonment for each of the sexual abuse convictions, and one year in prison for each of the unlawful imprisonment convictions – the prison sentences were to run concurrently.

Petitioner seeks habeas relief on five grounds: (1) the sexual abuse counts in the indictment lacked sufficient factual detail to provide Petitioner with fair notice of the charges

1

against him, thereby depriving him of due process; (2) trial counsel provided ineffective legal assistance at the Huntley hearing[1]; (3) the trial court failed to properly respond to the jury's questions concerning the two counts of sexual abuse in the first degree, depriving Petitioner of a fair trial; (4) legally sufficient evidence in the record did not support the jury's verdict on the count of attempted rape in the first degree; and (5) the sentence was so excessive that it amounted to cruel and unusual punishment. Docket # 3, Petition, at ¶ 12, Attachment A; Resp's Exh. G, C.P.L. § 440.10 Post-Conviction Motion, at 3-14. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the application for a writ of habeas corpus be denied and the petition be dismissed.

## II.    Background

### A.    The Crime

Petitioner and Rosa Cabezas, the victim, were intimately involved for parts of 2006. On January 2, 2007, after the conclusion of their romantic entanglement, Petitioner visited Cabezas at her home. While the two were in the bedroom, Petitioner forcibly restrained Cabezas and removed her clothing. Over the next two hours, Petitioner repeatedly touched Cabezas's breasts and vagina with his hands and penis despite her resistance to such contact. He also forcibly penetrated Cabezas's vagina with his penis. Cabezas was eventually able to escape the bedroom, locking herself in an upstairs bathroom, from which she called out the window for help. Alerted neighbors contacted the police, who quickly responded to the scene. However, Petitioner had already fled the house. Officers arrested Petitioner later the same day, and, while in custody, he made inculpatory statements in writing and on videotape. The details of the criminal acts set

---

[1] People v. Huntley, 15 N.Y.2d 72 (1965), requires a pre-trial hearing to determine the voluntariness of a defendant's confession.

forth in Petitioner's statements coincided with the account given by Cabezas.

**B.**     **Procedural History**

On January 16, 2007, a Rockland County grand jury indicted Petitioner on one count of rape in the first degree (N.Y. Penal Law § 130.35 (1)), one count of rape in the third degree (N.Y. Penal Law § 130.25 (3)), two counts of sexual abuse in the first degree (N.Y. Penal Law § 130.65 (1)), two counts of unlawful imprisonment in the second degree (N.Y. Penal Law § 130.05), and two counts of assault in the third degree (N.Y. Penal Law § 120.00 (1)).[2]  Resp's Exh. A, Indictment.

The People gave notice of their intent to introduce Petitioner's handwritten and videotaped statements into evidence at trial, and, in response, Petitioner moved to suppress those statements.  Judge Bartlett of County Court, Rockland County, denied the motion at the conclusion of a Huntley hearing.  At a subsequent trial on the indictment, Cabezas testified against Petitioner, and the State introduced Petitioner's inculpatory statements into evidence.  At the conclusion of the trial, the jury found Petitioner guilty of one count of attempted rape in the first degree, two counts of sexual abuse in the first degree, and two counts of unlawful

---

[2]  Following the presentation of evidence, Petitioner moved for a trial order of dismissal as to all counts, and the County Court Judge dismissed both assault counts as well as one count of unlawful imprisonment.  July 26, 2007, Trial Transcript, at 254-61, 288-91.

imprisonment in the second degree.[3]  T2: 465-66.[4]

Petitioner appealed, and, on May 5, 2009, the Second Department of the New York State

Supreme Court, Appellate Division, affirmed the County Court judgment.  People v. Rodriguez,

62 A.D.3d 728 (2d Dept. 2009).  On August 20, 2009, the New York State Court of Appeals

denied Petitioner's motion for leave to appeal the affirmance of the judgment.  People v.

Rodriguez, 13 N.Y.3d 748 (2009).

On June 5, 2009, prior to the denial of Petitioner's motion for leave to appeal to the New

York State Court of Appeals, Petitioner moved to vacate the judgment of conviction pursuant to

section 440.10 of the New York Criminal Procedure Law (hereinafter "C.P.L."), claiming that he

received ineffective assistance of counsel at trial.  See Resp's Exh. G, C.P.L. 440.10 Post-

Conviction Motion.  Judge Bartlett of County Court, Rockland County, denied the motion.

Docket # 3, Petition, Attachment B, September 17, 2009, Dec. & Order.  The Appellate Division

subsequently denied Petitioner's motion for leave to appeal the County Court's denial of his

C.P.L. § 440.10 motion.  Docket # 3, Petition, Attachment B, Dec. & Order on Application.  On

March 25, 2010, the New York State Court of Appeals similarly denied Petitioner's motion for

leave to appeal.  Thereafter, Petitioner timely filed the instant petition, seeking a writ of habeas

---

[3]  The jury acquitted Petitioner of the single count of rape in the first degree, of which the count of attempted rape in the first degree was a lesser included charge.  July 27, 2007, Trial Transcript, at 465.  During the jury charge, the County Court instructed the jury: "if you find defendant guilty of rape in the first degree[,] you are not to consider Count 2, which is rape in the third degree."  July 26, 2007, Trial Transcript, at 403.  Following such instructions, the jury did not consider the charge of rape in the third degree and thus returned no verdict on the count.  July 27, 2007, Trial Transcript, at 464-65.

[4]  The abbreviation "T2" followed by a page number refers to the relevant pages of the trial transcript from July 25-27, 2007.

corpus relieving him from the state court judgment of conviction.[5]

## III.   **The Instant Habeas Corpus Petition**

### A.      **The Standard of Review**

"Habeas review is an extraordinary remedy." <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (citing <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)).  To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), 28 U.S.C. § 2254.  "AEDPA prevents defendants . . . from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." <u>Renico v. Lett</u>, __ U.S. __ (2010), 130 S.Ct.1855, 1866.  Thus, under AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A); <u>see</u> <u>also</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  Exhaustion is required because, in the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>see</u> <u>also</u> <u>Daye v. Attorney Gen. of the State of New York</u>, 696 F.2d 186, 190-91 (2d Cir. 1982).

After a petitioner has properly exhausted his or her claims, a federal district court generally may hear "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  When a state court

---

[5] There is no issue regarding the timeliness of the Petition.  It was stamped "Received" by the Pro Se Office on October 25, 2010, and transferred to the Southern District of New York on November 3, 2010.  <u>See</u> Docket # 3, Petition, at 1.

has decided a claim on the merits, the federal court must apply AEDPA's deferential standard of review.  See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003).  Under AEDPA,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if [it] arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  An "unreasonable application" of Supreme Court precedent is one that "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id., at 413. While "it is clear that the question is whether the state court's application of clearly established federal law was objectively unreasonable, the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is less clear." Torres, 340 F.3d at 68-9 (internal quotation marks and citations omitted); see Williams, 529 U.S. at 409.  "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams, 529 U.S. at 410.  Therefore, to establish that a holding is objectively unreasonable, a petitioner must "must identify some increment of incorrectness beyond error." Torres, 340 F.3d at 68-9 (internal quotation marks and citations omitted).  When evaluating whether a decision is "based on an unreasonable determination of the facts in light of the evidence", 28 U.S.C. § 2254(d)(1), the factual findings of state courts are presumed to be correct. Nelson v. Walker,

121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Discussion

### 1. Lack of Notice

Petitioner argues that the factual allegations in the indictment concerning the two sexual abuse in the first degree counts lacked sufficient factual detail to give him fair notice of the charges, thereby depriving him of due process. See Pet's Reply Brief, at 16; Resp's Exh. B, Pet's Appellate Division Brief, at 29. Respondent contends that the claim is procedurally barred, and, even if it may be addressed, it is without merit.

Petitioner raised this argument at trial in a motion to dismiss the sexual abuse counts, which that court denied. T2: 443-44. On his direct appeal, the Appellate Division similarly found the claim unavailing, holding that the "counts of the indictment cited the applicable sections of the Penal Law and sufficiently tracked the language thereof to afford [Petitioner] fair notice of the charge[s] against him and, thus, were not jurisdictionally defective." Rodriguez, 62 A.D.3d at 728. Therefore, the claim is exhausted and not procedurally barred.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation." U.S. Const. amend VI. In the context of a habeas proceeding, a federal court may only review the sufficiency of a state indictment to ensure that it met basic constitutional standards. See Carroll v. Hoke, 695 F.Supp. 1435, 1438 (E.D.N.Y. 1988), aff'd 880 F.2d 1318 (2d Cir. 1989). "These standards require that the defendant be called to answer charges actually brought by the Grand Jury and be informed of the time, place[,] and essential elements of the crime to permit preparation of a defense and protection against double jeopardy." United States v. Goldberg, 587 F.Supp. 302,

310 (S.D.N.Y. 1984), vacated on other grounds, 756 F.2d 949 (2d Cir.), cert denied, 472 U.S. 1009 (1985); Hamling v. United States, 418 U.S. 87, 117 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he [or she] must defend, and, second, enables him [or her] to plead an acquittal or conviction in bar of future prosecutions for the same offense"); accord United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007).

In Resendiz-Ponce, a federal criminal indictment, charging the respondent with attempting to re-enter the United States after having been previously deported, alleged that " '[o]n or about June 1, 2003,' respondent 'attempted to enter the United States of America at or near San Luis in the District of Arizona.' " Id., at 108.  On appeal from a conviction, the Supreme Court held that such statement provided sufficient detail to give the respondent fair notice of the charges within the meaning of the Sixth Amendment.  See id.

Here, each sexual abuse count in the indictment stated: "the defendant, in the County of Rockland, in the State of New York, on or about the 2nd day of January, 2007, subjected another person identified by the initials 'R.C.,' whose identity is fully known to the Grand Jury, to sexual contact by forcible compulsion."  Resp's Exh. A, Indictment.  New York Penal Law § 130.65 provides: "A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: (1) By forcible compulsion."

Like that in Resendiz-Ponce, the indictment here set forth the elements of the two sexual abuse counts as well as detailed the date on which and the county in which the crimes were alleged to have occurred.  Additionally, it provided sufficient identification of the victim to satisfy the Hamling factors.  Therefore, the indictment gave Petitioner fair notice of the charges against him within the meaning of the Constitution, enabling him to respond to the counts as

well as defend against double jeopardy.  See Hamling, 418 U.S. at 117; Goldberg, 587 F.Supp. at 310.  The state court's decision is neither contrary to, nor an unreasonable application of, clearly established federal law, and I conclude that petitioner's claim in this regard must therefore fail.

### 2.      Ineffective Assistance of Counsel

Petitioner's second stated ground for relief is that his trial attorney failed to provide him with effective legal assistance at the Huntley hearing, as required by the Sixth Amendment.  See Pet's Reply Brief, at 6; Resp's Exh. G, C.P.L. 440.10 Post-Conviction Motion.  Petitioner previously raised this claim in his motion brought pursuant to C.P.L. § 440.10.  See Resp's Exh. G, C.P.L. § 440.10 Post-Conviction Motion, at 3-6.  Although, at the Huntley hearing, counsel argued for the suppression of the incriminating statements, Petitioner asserts that his attorney failed to raise the most effective claims.  He avers that, had counsel raised such contentions, the trial court would likely have suppressed his inculpatory statements.  Respondent contends that the ineffective assistance of counsel claim is procedurally barred.  For the reasons that follow, I conclude that Petitioner is procedurally barred from raising this assertion in this habeas proceeding.

At the Huntley hearing, Spring Valley Police Officer Oscar Lopez testified that he arrested Petitioner some time between 9:00 P.M. and 9:30 P.M. on January 2, 2007.  See H: 45.[6] At around 10:40 P.M., Detective Roxanne Lopez met with Petitioner to advise him of the Miranda warnings.  Petitioner advised Detective Lopez that, although he is generally able to speak and understand English, he preferred the warnings be read in Spanish.  See id., at 78. Using a Miranda warning advisory card written in English, Detective Lopez translated and read

---

[6]   The abbreviation "H" followed by a page number refers to the relevant pages of the transcript from Petitioner's Huntley hearing from May 9, 2007.

the warnings to Petitioner in Spanish.  See id., at 20, 21, 55, 82.  Petitioner indicated that he

understood the warnings and initialed the form.  See id., at 23, 82-83.  Petitioner also agreed to

speak with Detective Lopez without legal representation.  Petitioner and Detective Lopez

subsequently spoke at length about his assault upon Cabezas, and, in the course thereof,

Petitioner gave an inculpatory statement.  The conversation was conducted in a mixture of

Spanish and English, with Officer Lopez translating those words to Spanish which Petitioner did

not understand in English.  Id., at 35, 99.  Neither Detective Lopez nor Officer Lopez was

certified as a translator.  Id., at 61, 131.  Detective Lopez memorialized Petitioner's

incriminating statement in English.  See id., at 28, 92, 99.  At approximately 1:50 A.M., Officer

Lopez read the statement back to Petitioner in Spanish, asking Petitioner to indicate any errors in

the transcription.  See id., at 28, 30, 100, 103.   Petitioner responded that he understood Officer

Lopez's translation and that the statement contained no errors.  Id., at 28, 102.  Petitioner,

Detective Lopez, and Officer Lopez then signed the statement.  Id., at 29.

Thereafter, Detective Lopez and Officer Lopez transported Petitioner to the Rockland

County District Attorney's Office, where he met with Assistant District Attorney Louis Valvo.

Id., at 109.  Assistant District Attorney Valvo again read Petitioner the Miranda warnings.  See

id., at 112.  Petitioner indicated that he understood such warnings, and he agreed to speak to

Assistant District Attorney Valvo without an attorney present.  See id., at 112.  Petitioner then

gave a second inculpatory statement in English, which was videotaped.  See id., at 113.

At the Huntley hearing, Petitioner's attorney argued for suppression of both statements,

asserting that the People failed to establish that he understood the Miranda warnings at the time

he waived his Fifth Amendment right against compulsory self-incrimination.  See id., at 147-48.

He further argued that, to ensure Petitioner understood the warnings, the police should have

provided him with an independent translator and conducted all conversations and recordings in Spanish. Id., at 149.  The County Court judge denied Petitioner's motion, and, consequently, the People introduced both statements into evidence at trial.  See T2: 118-24, 135.

In his C.P.L. § 440 motion to vacate the judgment of conviction, Petitioner averred that his trial counsel should have argued for the suppression of his incriminating statements upon the ground that the advisement of the Miranda warnings was insufficient because they were not translated into Spanish by a certified translator.  See Resp's Exh. G, C.P.L. § 440.10 Post-Conviction Motion, at 3-6.  According to Petitioner's brief, his trial counsel should have also argued that Detective Lopez purposefully delayed Petitioner's arraignment in order to interview him prior to the attachment of his Sixth Amendment right to counsel.  See id., at 7-8.  Petitioner alleged that, had his attorney raised these claims at the Huntley hearing, the trial court would have suppressed the resulting inculpatory statements.

County Court denied the C.P.L. § 440 motion upon the ground that Petitioner failed to raise the stated arguments in a prior motion or on his direct appeal, although he was able to do so.  See Docket # 3, Petition, Attachment B, September 17, 2009, Dec. & Order.  Citing sections 440.10 (2)(c), (3)(a), and (3)(c) of the C.P.L., the court stated that "the issues raised in [Petitioner's] subsequent filings were based on his own personal knowledge at the time of the first filing and involved events which occurred prior to the defendant filing his notice of motion and should have been included in his first challenge to the Second Department."  Id.  It noted that the basis for such arguments were in the trial record, and, consequently, they could have been raised on direct appeal.  See id.  The court added that Petitioner failed to provide any reasonable excuse for his failure to raise such arguments in a prior motion or on direct appeal. See id.

11

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729.  For instance, federal habeas review of a federal claim is unavailable where "a state court declined to [address such claim] because the prisoner had failed to meet a state procedural requirement."  Id., at 730.  Such procedural bar provided the state "independent and adequate state grounds" to dismiss the petitioner's claim, and federal courts are ever mindful of the notions of "comity and federalism." Harris v. Reed, 489 U.S. 255, 260 (1989); Coleman, 501 U.S. at 730.  Restated, "an adequate and independent finding of a procedural default will bar federal habeas review of the federal claim." Harris, 489 U.S. at 262.  For such a circumstance to occur, "the last state court to render judgment must clearly and expressly state that its judgment rested on a state procedural bar." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997) (brackets, internal quotation marks, and citation omitted).  "Where the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on subsection (2)(c) provides an independent and adequate procedural bar to federal habeas review."  Murden v. Artuz, 497 F.3d 178, 196 (2d Cir. 2007), cert denied, 552 U.S. 1150 (2008); see Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003).  "Even where the state court has ruled on the merits of a federal claim in the alternative, federal habeas review is foreclosed where the state court has also expressly relied on the petitioner's procedural default." Murden, 497 F.3d at 191 (internal quotation marks and citation omitted).  However, a petitioner can overcome such a procedural default if he or she can show "cause for the procedural default and prejudice attributable thereto," Harris, 489 U.S. at 262, or "actual innocence." Schlup v. Delo, 513 U.S. 298, 327 (1995).

New York Criminal Procedure Law § 440.10(1)(f) provides that, following entry of a

judgment of a defendant's conviction, he or she may move to vacate that judgment upon the ground that "[i]mproper and prejudicial conduct not appearing in the record occurred during a trial resulting in the judgment which conduct, if it had appeared in the record, would have required a reversal of the judgment upon an appeal therefrom." A court must deny such a motion when,

> [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

C.P.L. § 440.10(2)(c).

Here, Petitioner's claims of ineffective assistance of counsel relate solely to matters fully developed in the hearing record. At the <u>Huntley</u> hearing, Detective Lopez acknowledged translating the <u>Miranda</u> warnings to Spanish for Petitioner's benefit. <u>See</u> H: 20, 21, 55, 82. Officer Lopez testified that he acted as an interpreter with regard to recording and verifying Petitioner's inculpatory statements. <u>See</u> <u>id.</u>, at 28, 30, 35, 99, 100, 103. Additionally, both acknowledged their lack of certification as translators. <u>Id.</u>, at 61, 131. The hearing testimony also made clear that Petitioner made the two incriminating statements to police while under arrest but prior to arraignment. Following the presentation of evidence, Petitioner's attorney asked for the suppression of the statements, arguing that the People failed to establish that he understood the <u>Miranda</u> warnings or validly waived his Fifth Amendment right against compulsory self-incrimination. <u>See</u> <u>id.</u>, at 147-48.

Therefore, as the County Court judge noted in denying Petitioner's C.P.L. § 440.10 motion, Petitioner could have raised these issues on his direct appeal. <u>See</u> Docket # 3, Petition,

13

Attachment B, September 17, 2009, Dec. & Order.  Petitioner cites to numerous facts outside of hearing record to assert that he could not have properly raised his ineffective assistance of counsel claims on direct appeal.  See Pet's Reply Brief, at 9-15.  Such allegation, however, is not persuasive because the hearing record was clearly adequate to support review of both issues on direct appeal, in that it included detailed testimony of Petitioner's language issues, the status of Detective Lopez and Officer Lopez as non-certified translators, and of the timing of Petitioner's interviews.  Furthermore, Petitioner does not challenge the independence or adequacy of such state ground.  Because Petitioner was not represented by the allegedly ineffective attorney on appeal, he has no valid argument that he was unable to raise the claims to the Appellate Division due to continued ineffective assistance of counsel.  The County Court judge's denial of the motion thus constituted an independent and adequate state ground to procedurally bar the federal court's consideration of the issue in a habeas proceeding.  See Murden, 497 F.3d at 196.  Consequently, Petitioner gives no reason to believe that the County Court judge improperly denied Petitioner's C.P.L. § 440 motion on state procedural grounds.  Additionally, Petitioner provides neither proof of the cause for the procedural default nor any prejudice attributable thereto.  He also makes no assertion that he is actually innocent.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Petitioner's ineffective assistance of counsel claim must be dismissed.

      **3.**      **Fair Trial**

      In the course of deliberations, the jury sent out two notes concerning the counts of sexual abuse in the first degree.  Petitioner now asserts that the County Court judge failed to sufficiently answer the questions set forth in those notes, thereby depriving him of his Sixth Amendment right to a fair trial.  See Pet's Reply Brief, at 18; Resp's Exh. B, Pet's Appellate Division Brief, at

37-39.  He argues that the trial court should have given the jury detailed factual information concerning the allegations tied to each count.  Respondent contends that Petitioner is procedurally barred from raising the issue because he did not contemporaneously object to the trial court's responses to the jury questions, and the Appellate Division recognized that this failure meant the issue was not preserved for review.  See Resp's Brief, at 11.  I conclude that because the claim is procedurally barred from federal habeas review, it must be dismissed.

During deliberations, the jury sent out a note asking "[w]hy are there two counts of sexual abuse in the first degree?"  T2: 437.  The court informed the parties of the note and stated its intent to again charge them on the elements of sexual abuse as well as that the State alleged two instances of such crime.  See id., at 438-39.  The court added that it would not point to any facts relating to the counts or indicate any examples of sexual abuse in order to avoid unduly influencing the jury's deliberations.  See id., at 439-40.  Petitioner agreed to the court's proposed instruction and, alternatively, moved to dismiss the sexual abuse counts as jurisdictionally defective.  See id., at 443.  The court denied the motion and answered the jury in accordance with the proposed instruction.  See id., at 444.  The jury subsequently sent out another note, again indicating that it was confused by the two sexual abuse counts.  See id., at 450.  Petitioner asked the court to explain to the jury that the People alleged that more than one instance of forced intimate contact occurred and that each count concerned a distinct contact.  See id., at 451.  The court accordingly instructed the jury.  See id., at 454.  Petitioner raised no objection or argument to the court's responses to the jury instructions.

On direct appeal from his conviction, Petitioner raised the current argument – that the County Court had deprived him of a fair trial by failing to properly respond to the jury's questions concerning the sexual abuse counts.  See Resp's Exh. B, Pet's Appellate Division Brief,

15

at 37-39. However, the Appellate Division concluded the claim was "unpreserved for appellate review and, in any event, . . . without merit." Rodriguez, 62 A.D.3d at 728.

As previously stated, "an adequate and independent finding of a procedural default [by a state court] will bar federal habeas review of the federal claim." Harris, 489 U.S. at 262; see Coleman, 501 U.S. at 730; Carvajal, 633 F.3d at 105 (2d Cir. 2011). Therefore, the Appellate Division's determination that Petitioner failed to preserve his fair trial claim presents an independent and adequate state ground for denial of a claim, precluding a federal court from considering the matter on habeas review. See Hughes, 457 F. Supp. 2d at 369. Petitioner does not challenge the independence or adequacy of the state procedural bar. Further, he provides neither proof of the cause for his default and prejudice resulting therefrom, nor does he claim actual innocence. Therefore, I conclude that Petitioner's fair trial claim must be dismissed as procedurally barred from habeas review.

### 4. Legal Sufficiency

Petitioner's fourth stated ground for relief is that there was not legally sufficient evidence in the record to support the jury's finding of guilt with regard to the conviction for attempted rape in the first degree. See Pet's Reply Brief, at 20; Resp's Exh. B, Pet's Appellate Division Brief, at 40. Respondent contends that legally sufficient evidence in the record did support the jury's findings. Following the return of a verdict, the County Court judge denied Petitioner's motion to set aside the verdict on such grounds, concluding that legally sufficient evidence in the record supported the jury's findings. See T2: 470, 472. The Appellate Division addressed this issue on the merits, holding that the evidence "was legally sufficient to establish [Petitioner's] guilt beyond a reasonable doubt." Rodriguez, 62 A.D.3d at 728. The undersigned, upon careful review of the record, is unable to find that the Appellate Division's decision was contrary to, or

16

an unreasonable application of, federal law.

Generally, whether there was sufficient proof to convict a person of a crime pursuant to state law is a state issue. United States v. Hon. H. W. Follette, 257 F.Supp. 533, 534 (S.D.N.Y. 1965) (citing Grundler v. State of North Carolina, 283 F.2d 798, 801 (4th Cir. 1960)). Because issues involving the sufficiency of evidence are state issues, they "[do not] rise to constitutional dimensions." Griffin v. Martin, 409 F.2d 1300, 1302 (2d Cir.1969). Evidentiary deficiencies can, however, rise to such a level as to create a due process issue under the Fourteenth Amendment. Follette, 257 F.Supp. at 534; Grundler, 283 F.2d at 801. It is then that a state prisoner can seek relief from the federal courts through a habeas corpus petition. Id. "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Parker v. Matthews, __ U.S. __ (2012), 132 S.Ct. 2148, 2152 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Therefore, in the context of a habeas proceeding, a federal court may not overturn a state court decision rejecting a prisoner's sufficiency argument unless the "decision was objectively unreasonable." Cavazos v. Smith, __ U.S. __ (2011), 132 S.Ct. 2, 4. In evaluating such a claim, a reviewing federal court is required to "consider the evidence in the light most favorable to the prosecution and make all inferences in its favor." Fama v. Commissioner of Correctional Services, 235 F.3d 804, 811 (2d Cir. 2000), see also Jackson, 443 U.S. at 319. Further, the reviewing court is not required to determine whether it in fact believes that the evidence introduced at trial established guilt beyond a reasonable doubt. Fama, 235 F.3d at 811, see also Jackson, 443 U.S. at 318-19. This is because "the resolution of issues of credibility is exclusively the province of the jury." United States v. Shulman, 624 F.2d 384, 388 (2d Cir. 1980). Finally, "the testimony of a single,

17

uncorroborated eyewitness is generally sufficient to support a conviction." United States v.

Danzey, 594 F.2d 905, 916 (2d Cir. 1979), cert denied, 441 U.S. 951 (1979).

New York Penal Law § 130.35 provides: "A person is guilty of rape in the first degree

when he or she engages in sexual intercourse with another person: (1) By forcible compulsion."

Further, "[a] person is guilty of an attempt to commit a crime when, with intent to commit a

crime, he [or she] engages in conduct which tends to effect the commission of such crime."  N.Y.

Penal Law § 110.00.

Here, substantial evidence of Petitioner's guilt existed in the trial record.  Cabezas

attested that she and Petitioner were at her house together on January 2, 2007.  T:157.[7]  She

testified that Petitioner repeatedly attempted to kiss and rub her despite her resistance to such

acts.  See id., at 158-60.  According to Cabeza, Petitioner ignored her protestations and forcibly

removed her clothing as well as his own.  See id., at 163.  Cabeza explained that she attempted to

scream for help, but Petitioner covered her mouth, suffocating her.  Id., at 165.  She stated that

Petitioner then forced her down onto the bed, pried her legs apart, and forcibly penetrated her

vagina with his penis for a brief time.  See id., at 166, 170-71, 184-85.  Cabeza explained that

Petitioner restrained her arms and pinned down her body while committing such acts.  She added

that, after penetrating her, Petitioner rubbed her vagina with his penis for an extended period.

In addition, the State introduced Petitioner's inculpatory written statement into evidence.

See id., at 118-24.  In the statement, Petitioner admitted to committing acts largely coinciding

with Cabezas's testimony, such as removing her clothing and forcibly touching his penis to her

vagina.  Id., at 121.

---

[7] The abbreviation "T" followed by a page number refers to the relevant pages of the
transcript from Petitioner's trial transcript on July 18, 2007, and July 25, 2007.

In sum, Cabezas's testimony and Petitioner's written statement provide proof that Petitioner used forcible compulsion to attempt sexual intercourse with Cabezas. See id., at 166, 170-71, 184-85; T2: 121. Thus, the evidence was not so lacking as to give rise to a constitutional issue. Petitioner argues that Cabeza's testimony was not credible, and, therefore, it could not support the jury's verdict. See Resp's Exh. B, Pet's Appellate Division Brief, at 43. However, because such issues of credibility rest solely with the finder of fact, Petitioner's argument lacks merit. Shulman, 624 F.2d at 388. Insofar as Petitioner also argues that the jury's verdict was against the weight of the evidence, such issue may not be considered by a federal court in the context of a habeas corpus petition. See United States v. Burden, 600 F.3d 204, 214 (2d Cir. 2010), cert denied, __ U.S. __ (2010), 131 S.Ct. 251. I therefore conclude that this claim of insufficient evidence should be dismissed.

###### 5.     Excessive Sentence

Petitioner avers that the sentence imposed upon the conviction for attempted rape in the first degree was excessive, claiming that it was so severe that it constituted cruel and unusual punishment in violation of the Eight Amendment. See Pet's Reply Brief, at 21; Resp's Exh. B, Pet's Appellate Division Brief, at 47. Respondent argues that this is not a ground for which habeas relief is available because the imposed sentence falls within the range prescribed by state law. Resp's Brief, at 27. On direct appeal, Petitioner similarly argued that his sentence was excessive. The Appellate Division summarily rejected the assertion, stating that "[t]he sentence imposed was not excessive." Rodriguez, 62 A.D.3d at 728. Petitioner's contention of an unconstitutional sentence lacks merit.

The Supreme Court has generally held that "the Eighth Amendment contains no proportionality guarantee" with regard to the length of prison sentences as applied to adult

19

offenders.  See Harmelin v. Michigan, 501 U.S. 957, 965 (1991).  This is because "the Eighth Amendment leaves the unavoidably moral question of who 'deserves' a particular nonprohibited method of punishment to the judgment of the legislatures that authorize the penalty, the prosecutors who seek it, and the judges and juries that impose it under circumstances they deem appropriate."  Graham v. Florida, __ U.S. __ (2010), 130 S.Ct. 2011, 2045 (Thomas, J. dissenting).  Accordingly, there is no federal constitutional issue presented when an imposed sentence is within the range required by state law.  White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996).

Following the jury's verdict of guilt, the County Court imposed a thirteen-year term of imprisonment for the attempted rape in the first degree conviction.  Petitioner does not challenge this sentence as being outside of the appropriate state-required range.  Attempted rape in the first degree is a class C felony.  N.Y. Penal Law §§ 110.00, 130.35(1).  The statutory term of imprisonment for a class C felony sex offense "must be at least three and one-half years and must not exceed fifteen years."  Id., § 70.80 (4)(a)(ii).  Therefore, this sentence falls within the range prescribed by state law.  Petitioner thus fails to raise a constitutional issue, and this claim is not a basis for habeas relief.

Petitioner also contends that, because the trial court promised him a sentence of five years imprisonment if he pleaded guilty to the counts before trial, the imposed sentence constitutes retribution for exercising his right to go to trial.  However, in raising such argument to the Appellate Division, Petitioner relied solely on New York law, and, therefore, he failed to present the issue in a way that is "likely to alert the court to [its] federal nature."  Daye v. Attorney General of State of N.Y., 696 F.2d 186, 192 (2d Cir. 1982).  Consequently, Petitioner cannot convincingly argue that he raised the relevant standards of federal law sufficient to notify

the New York courts of the federal basis of the claim. <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004). Therefore, Petitioner has failed to exhaust this claim. Additionally, this Court may deem the claim as procedurally defaulted because it could have been raised on appeal in constitutional terms but was not. It would therefore not be cognizable by the state courts on collateral review and is, therefore, deemed to be procedurally defaulted. For these reasons, I conclude that Petitioner's claim of excessive sentence must be dismissed.

**IV.**   <u>**Conclusion**</u>

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the application for a writ of habeas corpus be denied and the petition be dismissed. As the petition presents no questions of substance for review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue. <u>Rodriguez v. Scully</u>, 905 F.2d 24 (2d Cir. 1990) (<u>per</u> <u>curiam</u>); <u>Alexander v. Harris</u>, 595 F.2d 87, 90-91 (2d Cir. 1979). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e),

or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written

objections to this Report and Recommendation.  Such objections, if any, shall be filed with the

Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M.

Karas at the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street,

White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas, and

should not be made to the undersigned.

Dated: February 7, 2013
      White Plains, NY

                    Respectfully submitted,

                    Lisa Margaret Smith
                    United States Magistrate Judge
                    Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

Honorable Kenneth M. Karas, U.S.D.J.

Rafael Rodriquez, #07A5257
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

Carrie Anne Ciganek

Assistant District Attorney, Rockland County
County Office Building
1 S Main St., Suite 500
New City, NY 10956